[No. 23726. Department One. May 11, 1932.]

THE STATE OF WASHINGTON, *on the Relation of Union Iron Works, Plaintiff*, v. CHARLES W. HINTON, *as State Treasurer, Respondent.*[2]

*William Hatch Davis, Guy E. Kelly, Thomas MacMahon*, and *Neal & Bonneville (Jay Bowerman*, of counsel), for relator.

*The Attorney General* and *Lester T. Parker, Assistant*, for respondent.

PER CURIAM.—This is an original application in this court for a writ of mandate directing Charles W. Hinton, as state treasurer, to pay to the plaintiff, out of moneys in the state treasury to the credit of the motor vehicle fund No. 15, the sum of $325 in payment of a warrant dated January 15, 1932, issued to the plaintiff by the state auditor, for material and supplies furnished and delivered by the plaintiff to and for the use of the department of highways of the state between the 2nd and 10th days of December, 1931.

[1]Reported in 11 P. (2d) 232.

[2]Reported in 10 P. (2d) 1118.

The case is a companion of *State ex rel. Kern & Kibbe v. Hinton,*
*ante* p. 204, 10 P. (2d) 1115, the two cases being presented in the
same briefs and argued together. The facts are agreed to by the
pleadings and a signed stipulation of facts filed in the case, the
latter being included in and a part of the stipulation covering the
facts in the other case.

In this case, on account of material and supplies furnished the
state for its department of highways, the warrant referred to, in
the sum of $325, payable to the plaintiff "or order," was, on January
15, 1932, issued by the state auditor and delivered to the plaintiff.
On January 19, 1932, plaintiff endorsed and delivered the warrant
to the Old National Bank & Union Trust Company of Spokane for
collection. That bank on that day forwarded the warrant, with
other items, by United States mail to the Olympia National Bank,
at Olympia, to collect and remit the proceeds to the First National
Bank of Seattle for the credit of the Old National Bank & Union
Trust Company.

The items, including the warrant, were received by the Olympia
National Bank through the mail on January 20, 1932, and on
January 21, 1932, with divers other state warrants received by the
Olympia National Bank through the mail from other persons, ag-
gregating altogether $33,118.69, were presented by the Olympia
National Bank to the state treasurer for acceptance and payment.
The defendant, as state treasurer, accepted and received all such
items, including the particular warrant involved in this action, and
issued and delivered therefor his check in the sum of $33,118.69,
drawn on the Olympia National Bank, a depository for state funds,
and in which bank there was at that time on its books to the credit
of the respondent an amount in excess of the amount of the check,
together with all other outstanding checks drawn thereon by the
state treasurer.

The Olympia National Bank on that day charged the check to
the respondent on its books and marked the check "paid," but with-
drew or set apart no money whatever to pay the same or to remit
to the Old National Bank & Union Trust Company of Spokane, or
to the First National Bank of Seattle, for the credit of the Spokane
bank or the plaintiff; nor did it make any purported payment, other
than on January 21, 1932, the Olympia National Bank drew and
forwarded by mail to the First National Bank of Seattle its draft
on and payable to the First National Bank of Seattle, for the credit
of the Old National Bank & Union Trust Company, in an amount
sufficient to cover the items forwarded for collection by the Old
National Bank & Union Trust Company, including the particular
warrant involved in this suit.

The Olympia National Bank did not at that time, nor thereafter,
have credit with the First National Bank of Seattle nor funds in

that bank upon which it had a right to draw sufficient to meet the draft; whereupon, the First National Bank of Seattle refused to accept and pay the draft or to give the Old National Bank & Union Trust Company credit on account thereof, which draft has at all times since been dishonored, according to notice thereof given by the bank upon which it was drawn. The Olympia National Bank ceased to do business on January 21, 1932.

At all times mentioned herein and now, there were and are in the motor vehicle fund No. 15 in the state treasury sufficient available funds, not otherwise appropriated, for the payment of the warrant in favor of plaintiff that is involved in this action.

Other pertinent facts applicable to the case, according to the pleadings and according to the stipulated facts filed herein, are referred to in the opinion in the companion case of *Kern & Kibbe*, just filed.

In our opinion, on all the facts, as between these parties and for the purpose of this case, the Olympia National Bank was insolvent at all times on January 21, 1932, and that the first part of and the first subdivision of § 11 of the bank collection code (Laws of 1929, p. 522) are applicable to and governing in this case.

The case is, in all material respects, like that of the companion one just referred to, and upon the authority of that case and the facts in this one;

IT IS ORDERED AND ADJUDGED that a writ of mandate issue directing the defendant Charles W. Hinton, as state treasurer, to pay to the plaintiff Union Iron Works, a corporation, out of moneys in the state treasury to the credit of the motor vehicle fund No. 15, the sum of $325 in satisfaction of the warrant issued to the plaintiff by the state auditor.